David Lopez (DL-6779)
LAW OFFICES OF DAVID LOPEZ
171 Edge of Woods Rd., P.O. Box 323
Southampton, NY 11969-0323
Tel:   631.287.5520
Fax:   631.283.4735
email: DavidLopezEsq@aol.com

Miriam Tauber (MT-1979)
MIRIAM TAUBER LAW PLLC
885 Park Ave. 2A
New York, NY 10075
Tel:   323-790-4881
email: MiriamTauberLaw@gmail.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS J. DONOGHUE,<br><br>Plaintiff,<br><br>v.<br><br>TRIMBLE INC.,<br><br>Nominal Defendant,<br><br>and<br><br>ROBERT G. PAINTER,<br><br>Defendant. | <u>Case No. 25-CV-9756</u><br><br>**COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 U.S.C. § 78p(b)**<br><br><u>**JURY TRIAL DEMANDED**</u> |

**DENNIS J. DONOGHUE**, by David Lopez, Esq., and Miriam Tauber, Esq., his attorneys, complaining of the Defendants, respectfully alleges the following upon information and belief, except as to Paragraph 2, which Plaintiff alleges on personal knowledge:

1

**JURISDICTION:**

1. This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. §78p(b), and jurisdiction is conferred upon this Court by Section 27 of the Act, 15 U.S.C. § 78aa.

**THE PARTIES:**

2. Plaintiff is a security owner of TRIMBLE INC. ("TRIMBLE"), a Delaware corporation with principal offices at 10368 Westmoor Dr., Westminster, CO 80021.

3. At all times relevant the common stock of TRIMBLE was registered under Section 12(b) of the Act, 15 U.S.C. § 78*l*, and its shares were and are traded under the symbol TRMB on the NASDAQ Global Select Market, a National Securities Exchange located in New York State within this district. The sales identified herein were made on that exchange.

4. This action is brought in the right and for the benefit of TRIMBLE which is named as a Nominal Defendant solely to have all necessary parties before the Court.

5. At all times relevant ROBERT G. PAINTER ("MR. PAINTER") was and is a director, president and chief executive officer of TRIMBLE.

6. MR. TRIMBLE has an office or may be found c/o TRIMBLE at its offices listed a paragraph 2, above.

**STATUTORY REQUISITES:**

7. The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act and of related rules and regulations.

2

8. Demand for prosecution was made on August 17, 2025 by e-mail and first class mail. There has been no response received from TRIMBLE and more than 60 days have expired. Further delay in instituting suit would be a futile gesture.

9. This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports required by 15 U.S.C. § 78p(a) setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission.

**FIRST CLAIM FOR RELIEF:**

10. MR. PAINTER sold, *inter alia,* 7,500 shares of Common stock of TRIMBLE on each of August 8, 11, and 12, 2025,

11. On May 21, 2025, within less than six months of the sales aforesaid, MR. PAINTER "purchased" 9,000 shares of the common stock of TRIMBLE by invading an irrevocable family trusr of which he was trustee, paying nothing therefor.

14. MR. PAINTER realized short-swing profits in amounts presently unknown to the Plaintiff but estimated to exceed $630,000. These profits belong to TRIMBLE and are recoverable by Plaintiff on its behalf and for its benefit, TRIMBLE having declined to do so itself.

**SECOND CLAIM FOR RELIEF:**

15. This Second Claim for Relief is a precaution against possible errors of detail attributable to inaccuracies in the public record or to the discovery of additional trades during the course of this action.

16. MR. PAINTER, during periods not barred by the statute of limitations measured from the date of the filing of this complaint, purchased and sold or sold and purchased equity securities or equity security equivalents of TRIMBLE within periods of less than six months

of each other while a more than 10% beneficial owner of TRIMBLE, including but not limited to the transactions pleaded in the First Claim for Relief, which purchases were at prices lower than the sales.

17. By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months while an insider of TRIMBLE, MR. PAINTER realized profits, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit of, and are recoverable by Plaintiff on behalf and for the benefit of, TRIMBLE

**WHEREFORE**, Plaintiff demands judgment:

a. Requiring MR. PAINTER to account for and to pay over to TRIMBLE all short-swing profits realized and retained by him in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b. Awarding to Plaintiff his costs and disbursements including reasonable attorneys', accountants and expert witness fees; and;

c. Granting to Plaintiff such other or different and further relief as the Court may deem just and proper.

Dated: Southampton, New York
November 24, 2025

Yours, etc.

_____
David Lopez, Esq. (DL-6779)
Miriam Tauber, Esq. (MT-1979)
*Attorneys for Plaintiff*